UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Jose Max Tzaj,** § § **Plaintiff,** § § v. § § **Dong Jing International, Inc.;** § **Jin Han, LLC; and Zhiping Wang,** § § **Defendants.** § | CASE NO. 4:20-cv-00192 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1. Plaintiff Jose Max Tzaj worked performing food preparation and kitchen cleaning tasks at Dong Bei, a restaurant co-owned and operated by Defendants Dong Jing International Inc. ("Dong Jing"), Jin Han, LLC ("Jin Han"), and Zhiping Wang in Houston, Texas, from approximately 2011 to approximately November 2, 2019. For at least the last three years of his employment, Defendants systematically failed to pay Plaintiff's overtime wages for his hours worked in excess of 40 in a workweek. Additionally, Defendants failed to pay Plaintiff at least the minimum wage for all hours worked. Plaintiff brings this action to recover damages for Defendants' violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), or the Texas Minimum Wage Act ("TMWA") in the alternative, plus costs and attorney's fees as provided by law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

3. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has supplemental jurisdiction over the claims based on Texas state law pursuant to 28 U.S.C. § 1367(a), as the state law claims arise out of the same nucleus of facts which support the federal claims.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The Defendant entity is based in this district, the individual Defendants reside in this district, and the events giving rise to the causes of action occurred within this district.

## THE PARTIES

6. Plaintiff Jose Max Tzaj is an individual residing in Houston, Texas. Plaintiff has consented to the filing of this action for violations of the FLSA, and his consent form is attached as Exhibit A. Plaintiff has verified that the facts contained in this Complaint are true and correct, and his verification is attached as Exhibit B.

7. Defendant Dong Jing International Inc., is a domestic corporation formed and voluntarily dissolved under the laws of the State of Texas and whose principal place of business was 8400 Bellaire Blvd., Houston, Texas 77036. Defendant Dong Jing may be served with process by serving its governing person at the time of its dissolution, Defendant Zhiping Wang, at 5606 Bissonnet St., Apt. 10, Houston, Texas 77081.

8. Defendant Jin Han, LLC is a domestic corporation formed and existing under the laws of the State of Texas and whose principal place of business is 8400 Bellaire Blvd., Houston, Texas 77036. Defendant Jin Han, LLC may be served with process by serving its registered agent, Defendant Zhiping Wang, at 8400 Bellaire Blvd., Houston, TX 77036.

9. Defendant Zhiping Wang is an individual residing in Houston, Texas. Defendant Zhiping Wang may be served with process at his residence located at 5606 Bissonnet St., Apt. 10, Houston, Texas 77081.

## FACTS

1. Plaintiff worked for Defendants performing food preparation and cleaning tasks at Dong Bei from approximately 2011 to approximately November 2, 2019.

2. At all times relevant to this lawsuit, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e).

3. At all times relevant to this lawsuit, Defendant Dong Jing has been an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. At all times relevant to this lawsuit, Defendant Jin Han has been an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. At all times relevant to this lawsuit, Defendant Zhiping Wang has been an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Throughout the relevant period of this lawsuit, Defendant Zhiping Wang had an ownership interest and operational control over the Dong Bei restaurant, located at 8400 Bellaire Blvd., Houston, Texas 77036.

7. At all times relevant to this action, the restaurant where Plaintiff was employed was advertised as Dong Bei.

8. During at least part of the time period relevant to this lawsuit, Defendant Dong Jing owned and operated the Dong Bei restaurant.

9. Upon information and belief, Defendant Jin Han acquired the assets and ownership interest in the Dong Bei restaurant from Defendant Dong Jing at some point during the time period relevant to this lawsuit.

10. Defendant Zhiping Wang was the President and Registered Agent of Defendant Dong Jing.

11. On June 5, 2012, Defendant Zhiping Wang, on behalf of Defendant Dong Jing, filed an Assumed Name Certificate with the Secretary of State of Texas to assume the name "Dong Bei."

12. Defendant Dong Bei was dissolved, effective September 6, 2019.

13. Upon information and belief, Defendant Jin Han operated the Dong Bei restaurant after the dissolution of Defendant Dong Jing.

14. Defendant Jin Han's Certificate of Formation was filed on June 3, 2019, with Defendant Zhiping Wang as its Registered Agent and a Managing Member. Defendant Jin Han is currently registered as an active sales taxpayer with the Texas Comptroller's Office at 8400 Bellaire Blvd., the same address that Defendant Dong Jing had used and the address at which the Dong Bei restaurant is located.

15. Upon information and belief, including the sales taxpayer filings referenced above, Defendant Dong Jing is no longer conducting business and therefore would not be able to provide relief directly by paying any judgment against it. In that event, Plaintiff pleads in the alternative, under the doctrine of successor liability, that Defendant Jin Han is liable for any FLSA violations committed by Defendant Dong Jing.

16. Upon information and belief, the Dong Bei restaurant has had a substantial continuity of business operations since the dissolution of Defendant Dong Jing and the restaurant's subsequent acquisition by Defendant Jin Han. Upon information and belief, Defendant Jin Han has continued to use the same business name, business model, employees, equipment, and facilities as its predecessor.

17. Defendant Jin Han had notice of potential liability when it acquired the relevant assets because it is owned and directed by at least some of the same individuals as its predecessor, including Defendant Zhiping Wang.

18. The overall equities support the imposition of successor liability because, otherwise, Plaintiff would be denied relief and the Defendants would evade responsibility for their illegal pay practices through corporate reorganizations and transfers to new owners with knowledge of the violations.

19. At all times relevant to this lawsuit, Dong Bei has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

20. At all times relevant to this lawsuit, Dong Bei has had and has an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

21. At all times relevant to this lawsuit, Dong Bei has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person.

22. For example, Plaintiff regularly handled and worked with numerous food items, kitchen utensils, fryers and other machinery, and cleaning supplies that have moved outside of Texas.

23. Furthermore, while employed at Dong Bei by Defendants, Plaintiff was an individual engaged in the production of goods for interstate commerce within the meaning of Sections 3(j) and 7(a)(1) of the FLSA, 29 U.S.C. §§ 203(j), 207(a)(1), in that he was employed in producing,

handling, and/or working on fryer oil that Dong Bei sold and, upon information and belief, which went on to travel in interstate commerce.

24. During at least the last three years of his employment, Plaintiff regularly worked over 40 hours per week for Defendants, often laboring over 70 hours per week.

25. Defendants paid Plaintiff a flat, semi-monthly salary of about $850 at the beginning of the relevant period, with occasional increases up to about $900 by the end of the relevant period.

26. Plaintiff's effective hourly rate—the quotient of his total compensation each workweek divided by his hours worked—was regularly less than the federal minimum wage of $7.25.

27. Defendants never paid Plaintiff the required overtime pay of one and one-half times his regular hourly rate, nor one and one-half times the federal minimum wage of $7.25, for the hours Plaintiff worked beyond 40 per workweek.

28. At all times relevant to this lawsuit, Defendant Zhiping Wang had operational control over Dong Bei, exercised control over the terms and conditions of Defendant Dong Jing's and Defendant Jin Han's employees' work; maintained Defendant Dong Jing's and Defendant Jin Han's employee records, including those of Plaintiff; and had the power to act on behalf of Defendant Dong Jing's and Defendant Jin Han's business vis-à-vis their employees, including Plaintiff.

29. Defendant Zhiping Wang personally made decisions to hire and fire employees of Defendants Dong Jing and Jin Han, including Plaintiff.

30. Defendant Zhiping Wang regularly set Plaintiff's work schedule.

31. Defendant Zhiping Wang determined Plaintiff's rate of pay.

32. At all times relevant to this lawsuit, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all minimum wage and overtime compensation due to Plaintiff.

## CAUSES OF ACTION

### FLSA Minimum Wage

33. Defendants violated the FLSA, 29 U.S.C. § 206(a), by failing to pay Plaintiff at least the minimum wage.

34. Defendants' failure to pay Plaintiff the federally mandated minimum wage was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### Texas Minimum Wage Act

35. Defendants violated the TMWA, TEX. LAB. CODE § 62.057, by failing to pay Plaintiff at least the state minimum wage for all hours worked.

### FLSA Overtime

36. Defendants violated the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff proper overtime wages.

37. Defendants' failure to pay Plaintiff his federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare Defendants in violation of the Fair Labor Standards Act or, in the alternative, the Texas Minimum Wage Act, as set forth above;

b. Award damages to Plaintiff for Defendants' failure to pay minimum wage and overtime wages under the Fair Labor Standards Act or, in the alternative, the minimum wage required by the Texas Minimum Wage Act, and an equal amount of liquidated damages;

c. Award Plaintiff the costs of this action;

d. Award Plaintiff reasonable attorney's fees;

e. Award Plaintiff post-judgment interest, as provided by law; and

f. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Duchoang Pham

Duchoang Pham
Texas State Bar No. 24116900
Email: dpham@equaljusticecenter.org
EQUAL JUSTICE CENTER
1922 Common St.
Houston, TX 77009
Fax (512) 474-0008
Tel (832) 441-4787

Aaron Johnson
Texas State Bar No. 24056961
Email: ajohnson@equaljusticecenter.org
EQUAL JUSTICE CENTER
510 Congress Ave., Ste. 206
Austin, Texas 78704
Fax (512) 474-0008
Tel (512) 474-0007, ext. 104

Counsel for Plaintiff